# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### CRIMINAL DOCKET NO.: 5:96CR10

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| KENNETH WAYNE CROSBY (16), | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Defendant's "Motion to Re-Consider Detention Order," filed October 21, 2005.

On December 5, 1996, Defendant pled guilty to the charge of conspiracy to possess with intent to distribute cocaine, cocaine base, and marijuana, in violation of 21 U.S.C. § 846. On November 10, 1997, the Court sentenced Defendant to 120 months imprisonment and five (5) years supervised release. Subsequently, the Government filed a Rule 35 motion and Defendant's sentence was reduced to 70 months imprisonment, with all other terms and conditions remaining the same.

Defendant was released from prison on or about March 21, 2003, at which time United States Probation Officer Gregg Henderson was assigned to supervise Defendant. Within the first few days of his release, Defendant tested positive for cocaine. Subsequently, Defendant enrolled in and completed an out-patient drug treatment program. Defendant did not test positive for any other drugs until February 2005, when Defendant's urinalysis came back positive for marijuana. After this positive drug test, Defendant never again met with Mr. Henderson. Mr. Henderson set up four different appointments in March and April 2005, but Defendant never appeared for these

meetings.  Consequently, in April 2005, Mr. Henderson went to Defendant's last-known address, only to learn that Defendant had vacated his home without notice to his Probation Officer, in violation of the terms of his supervised release.  From March through June 2005, Mr. Henderson did not know where Defendant was located.

On June 16, 2005, Probation Officer Henderson filed a Petition for Warrant for Offender for Supervision, and a warrant was issued for Defendant's arrest on June 16, 2005.  Subsequently, in July 2005, Defendant was sentenced to and served 90 days in jail for failure to pay child support.  Then, on October 12, 2005, Defendant was arrested on the instant supervised release violations.

At his detention hearing on October 18, 2005, Defendant appeared before United States Magistrate Judge Keesler, asking to be released on bond.  At the conclusion of the detention hearing, Magistrate Judge Keesler concluded that due to Defendant's prior criminal record, which included supervised release violations, the gravity of Defendant's underlying conviction in the instant case, and Defendant's supervised release violations, including his failure to appear for numerous meetings with his Probation Officer, his positive drug tests, his failure to notify the Probation Officer of his change of residence, and his failure to submit monthly supervision reports, there was a serious risk that Defendant would not appear in court and that Defendant would endanger the safety of another person in the community.  Consequently, Magistrate Judge Keesler ordered that Defendant be detained pending a hearing on his supervised release violations. The Defendant opposes this detention and asks the Court to review the Magistrate Judge's detention Order.

This Court reviews *de novo* the Magistrate Judge's detention order.  18 U.S.C. § 3145(b);

*United States v. Williams*, 753 F.2d 329, 333 (4th Cir. 1985). The Court has reviewed the recording of the detention hearing before Magistrate Judge Keesler, as well as the contents of the criminal file in this matter. In determining whether there are conditions of release that will reasonably assure the appearance of the Defendant and the safety of other persons and the community, the Court must consider all the evidence regarding:

(1)     the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2)     the weight of the evidence against the person;

(3)     the history and characteristics of the person, including –
(A)     the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings; and
(B)     whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4)     the nature and seriousness of the danger to any person or the community that would be posed upon the person's release. . . .

18 U.S.C. § 3142(g).

Upon review of these factors and for the reasons stated herein, the Court accepts the Magistrate Judge's finding that detention is appropriate. In support of this conclusion, the Court finds significant that it is undisputed that Defendant never appeared for scheduled meetings with his Probation Officer between March and June 2005. Moreover, Defendant vacated his residence without notification to Probation Officer Henderson. In fact, Mr. Henderson did not even know where Defendant was located from March 7, 2005 through June 16, 2005. Defendant offered no

legitimate explanation for this disappearance.  Additionally, the underlying offense is a serious drug charge, and Defendant has a lengthy criminal history, which includes probation violations.

**IT IS, THEREFORE, ORDERED** that Defendant's "Motion to Re-Consider Detention Order," is hereby **DENIED**.  Accordingly, the Order of Magistrate Judge Keesler on October 18, 2005 is hereby **AFFIRMED**.

**IT IS FURTHER ORDERED** that Defendant shall remain in custody pending a hearing on his supervised release violations.

**IT IS FURTHER ORDERED** that the Clerk certify copies of this Order to Defense Counsel, the United States Attorney, the United States Marshal Service, and the United States Probation Office.

**Signed: November 15, 2005**

Richard L. Voorhees
United States District Judge